LAURI S. THOMPSON, ESQ.
Nevada Bar No. 6846
thompsonl@gtlaw.com
LARAINE BURRELL, ESQ.
Nevada Bar No. 8771
burrelll@gtlaw.com
BETHANY RABE, Esq.
Nevada Bar No. 11691
rabeb@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiff, GNLV, Corp.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GNLV, Corp., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>P5s Holdings, LLC, a Delaware limited liability company, Adam Small, an individual, Calvin Spears, and individual,<br><br>Defendants. | Case No.: 2:13-cv-00865-APG-NJK<br><br>***EX PARTE* TEMPORARY RESTRAINING ORDER** |

This matter came before the Court on Plaintiff GNLV, Corp.'s ("GNLV" or "Plaintiff"), Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. #3), requiring Defendants P5s Holding, LLC, Adam Small and Calvin Spears, (collectively "Defendants") to (a) immediately cease and desist all use of the domain name <goldennuggetpokerreview.com> ("the infringing Domain Name"), (b) immediately cease and desist use of any of Plaintiff's trademarks, and (c) requiring the domain name registrar to lock the domain names at issue and transfer them to GNLV. Having considered the supporting Memorandum of Points and Authorities, Declarations and exhibits and the record in this case, and for good cause shown, the Court rules as follows.

LV 419995893v1

THE COURT HEREBY FINDS THAT:

1. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

2. The Court has personal jurisdiction over the Defendants in that: (a) Defendants have registered a domain name linked to a web site on the Internet accessible to residents of the State of Nevada; (b) Defendants have threatened to place negative content on the website concerning Plaintiff including "Golden Nugget Sucks"; and (c) Defendants committed tortious acts that they knew or should have known would cause injury to Plaintiff in the State of Nevada.

3. GNLV has made extensive use of the GOLDEN NUGGET Marks on, among other things, signage, wearing apparel, and sales and promotional materials, and has obtained federal registration for the GOLDEN NUGGET Marks for various goods and services, including but not limited to:

   (a) GOLDEN NUGGET for casino and bar services (U.S. Reg. No. 1,554,155);

   (b) GOLDEN NUGGET for nightclub, bar, cabaret and casino services (U.S. Reg. No. 1,082,044);

   (c) GOLDEN NUGGET for casino services (U.S. Reg. No. 1,203,988); and

   (d) GOLDEN NUGGET for hotel and resort hotel services (U.S. Reg. No. 2,240,084).

4. GNLV has made extensive use of the GOLDEN NUGGET Marks on, among other things, signage, wearing apparel, and sales and promotional materials, and is a licensee of several federal registrations for the GOLDEN NUGGET Marks for various goods and services, including but not limited to:

   (a) GOLDEN NUGGET for casino and bar services (U.S. Reg. No. 1,554,155);

   (b) GOLDEN NUGGET for nightclub, bar, cabaret and casino services (U.S. Reg. No. 1,082,044);

   (c) GOLDEN NUGGET for casino services (U.S. Reg. No. 1,203,988); and

   (d) GOLDEN NUGGET for hotel and resort hotel services (U.S. Reg. No. 2,240,084).

5. Based on its federal trademark registrations and extensive use, GNLV owns the exclusive right to use the GOLDEN NUGGET Marks in connection with resort hotel, casino and

1 related services.  The extensive advertising and promotion of the "Golden Nugget" resort hotel casinos have resulted in the GOLDEN NUGGET name and marks being distinctive for resort hotel casino services.

6. Defendants have used GNLV's marks as part of their domain name <goldennuggetpokerreview.com>. without GNLV's authority or permission.

7. GNLV will suffer irreparable injury if the Court does not require the domain name registrar GoDaddy.com ("Registrar") to lock the infringing domain name listed above and transfer it to GNLV pending litigation of this matter.

8. GNLV has demonstrated that it will suffer irreparable harm if a Temporary Restraining Order is not entered *ex parte* because, immediately upon notice of suit and prior to hearing, Defendants could transfer the Infringing Domain Name to another registrant or registrar which would deprive the Court of jurisdiction and require GNLV to file additional suits to chase the Infringing Domain Name to recover its intellectual property.  Transfer of the Infringing Domain Name to another registrar would require GNLV to expend significant effort and financial resources to track the registration.

9. GNLV has demonstrated likelihood of success on the merits of its cybersquatting claims against Defendant under the Lanham Act, 15 U.S.C. § 1125(d).

10. GNLV has demonstrated likelihood of success on the merits of its mark infringement claims against Defendant under the Lanham Act, 15 U.S.C. § 1114, and Nevada law.

11. GNLV has demonstrated likelihood of success on the merits of its unfair competition claims against Defendant under the Lanham act, 15 U.S.C. § 1125(a).

12. The balance of hardships tips in favor of GNLV because issuance of the temporary restraining order would merely lock and transfer the domain name to GNLV pending trial, and failure to issue the restraining order would cause GNLV to suffer irreparable injury to its name and marks and the associated goodwill if Defendants are not enjoined from registering, maintaining the registration on or using domain names containing GNLV's marks or marks confusingly similar to GNLV's name and marks.

LV 419995893v1

13. There is no likelihood of harm to the public from the Temporary Restraining Order now being granted.

**IT IS THEREFORE ORDERED** that GNLV's *ex parte* Application for Temporary Restraining Order is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that, pursuant to 15 U.S.C. § 1125(d)(1)(C), the domain name <goldennuggetpokerreview.com> shall be immediately locked by the Registrar and/or its successor registrars and transferred to GNLV.

**IT IS FURTHER ORDERED** that Defendants will immediately cease and desist from all use of GNLV's name and trademarks and any and all variants thereof, including use of the Infringing Domain Names, and take all necessary actions to transfer the Infringing Domain Name to GNLV.

**IT IS FURTHER ORDERED** that the Registrar and/or its successor registrars remove all existing Domain Name Server (DNS) entries and corresponding addresses, and enter the Registrar's default Domain Name Server and address entries, to prevent further potential damage caused by the infringing use of the Infringing Domain Name.

**IT IS FURTHER ORDERED** that, pursuant to 15 U.S.C. § 1116(a), Defendants shall file with this Court and serve upon GNLV within thirty (30) days after entry of this Order, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with this Court's Order.

**IT IS FURTHER ORDERED** that GNLV shall post a nominal bond of $100.00 for each domain name at issue because the evidence indicates that Defendants will suffer only minimal, if any, damage by the issuance of this Temporary Restraining Order.

### ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION

UPON CONSIDERATION of GNLV's above-referenced Motion for Preliminary Injunction, the Memorandum of Points and Authorities, the supporting declarations and exhibits, and the papers and pleadings on file in this matter, and for good cause shown;

1. The Court hereby sets the hearing for Plaintiff's Motion for Preliminary Injunction on **Wednesday, May 29, 2013, at 2:00 p.m.** in Courtroom 6C at the Lloyd D. George United States

1  Federal Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

2      2.    Further, the Court hereby sets the following briefing schedule relating to Plaintiff's Motion:

    (e)    Defendants shall file and serve opposition papers, if any, no later than **3:00 p.m. PDT on Friday, May 23, 2013**; and

    (f)    Plaintiff shall file and serve its reply brief, if any, no later than **4:00 p.m. PDT on Tuesday, May 28, 2013**.

    3.    In order to ensure Defendants receive timely notice of the hearing and briefing schedule, given that Defendants must maintain accurate contact information with the domain name registrar, GNLV is required to -- in addition to the requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure -- serve the Motion and all supporting papers, this Order and all other pleadings filed to date on Defendant by electronic mail transmission.

Dated this 17th date of May at _1:35_ p.m.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted by:

DATED: this 16th day of May, 2013

GREENBERG TRAURIG, LLP

/s/ Laraine M. I. Burrell
_____
Lauri S. Thompson (Bar No. 6846)
Laraine M.I. Burrell (Bar No. 8771)
Bethany Rabe (Bar No. 11691)
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Counsel for Plaintiff

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002